## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**MISTY DUFF, et al.,**

    **Plaintiffs,**

    v.

**CENTENE CORPORATION, et al.,**

    **Defendants.**

Case No. 1:19-cv-750
JUDGE DOUGLAS R. COLE

### OPINION AND ORDER

This matter comes before the Court on Plaintiffs' and Defendants' Joint Motion to File Under Seal the Deposition Transcript of Natalie Lukaszewicz ("Mot. to Seal Lukaszewicz Dep.," Doc. 34) and the parties' Joint Motion to File Under Seal the Expert Report of Adam Block, Ph.D. ("Mot. to Seal Block Rep.," Doc. 35). For the reasons set forth more fully below, the Court **GRANTS** the parties' Motion regarding the Lukaszewicz deposition (Doc. 34), but **DENIES WITHOUT PREJUDICE** the parties' Motion regarding the expert report of Dr. Block (Doc. 35).

### LAW AND ANALYSIS

The parties request permission to file under seal the transcript of, and exhibits to, the Fed. R. Civ. P. 30(B)(6) deposition of Natalie Lukaszewicz, corporate representative for Defendants Centene Corporation, Centene Management Company, LLC, and Buckeye Community Health Plan, Inc. The parties jointly argue that these documents warrant seal because Lukaszewicz's deposition discusses "internal company policies and procedures," including "the computer system that handles contracts between the company and health care providers, the computer

system that handles approval and denials of insurance claims, and the computer system that handles the provider directory." (Mot. to Seal Lukaszewicz Dep., Doc. 34, #476). As for the exhibits, the parties insist that those contain "confidential business records," such as "internal policy and procedure on Network Development & Contracting (exhibit 10); internal network adequacy geography maps (exhibit 11); Defendants' network adequacy spreadsheets including listings of providers under contract (exhibit 12 native excel spreadsheet); internal policy and procedure on Provider Data and Analytics (exhibit 16)." (*Id.*).

The parties also request, for seemingly similar reasons, permission to file under seal the expert report of Plaintiffs' expert, Dr. Adam Block. (Mot. to Seal Block Rep., Doc. 35, #479). According to the parties, this report contains "internal business practices and procedures relating to [Defendants'] health insurance products in Ohio, including [their] network with health care providers in Ohio, as well as [their] fraud prevention techniques." (*Id.* at #479–80).

A district court's decision to seal court records is reviewed for an abuse of discretion. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016)). But in the sealing context, that "decision is not accorded the deference that standard normally brings." *Id.* To avoid abusing its discretion, a district court faced with a motion to seal must "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306

(quoting *Brown & Williamson Tobacco Corp. v. F.T.C*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

A district court is under an independent obligation, which exists regardless of any agreement or disagreement among the parties, to determine whether sealing is warranted. *See Proctor* [sic] *& Gamble Co. v. Ranir, LLC*, Case No. 1:17-cv-185, 2017 WL 3537195, at *2 (S.D. Ohio Aug. 17, 2017) ("A movant's obligation to provide compelling reasons justifying the seal exists even if the parties agree the filings should be sealed, because litigants cannot waive the public's First Amendment and common law right of access to court filings." (citing *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016))).

In response to a motion seeking sealing, this Court must determine whether the party moving for a seal overcomes the "strong presumption in favor of openness." *Brown & Williamson*, 710 F.2d at 1179. The Court must then justify "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). And as the Sixth Circuit has repeatedly cautioned, "only the most compelling reasons can justify non-disclosure of judicial records." *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 940 (6th Cir. 2019) (brackets and citation omitted). On top of this, the Court must ensure that any sealing order be "narrowly tailored" to serve the reason asserted. *Shane Grp.*, 825 F.3d at 305. To meet this narrow tailoring requirement, the moving party must "analyze in detail, document by document, the propriety of secrecy,

3

providing reasons and legal citations." *Id.* at 305–06 (quoting *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). So a motion to seal must address each document the moving party wants to seal or redact.

Courts have recognized that a litigant's interest in protecting sensitive business information whose disclosure could result in competitive disadvantage can be sufficient to support sealing. *See Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, Case No. 1:11-cv-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) (recognizing interest in sealing "confidential information that would otherwise allow competitors an inside look at a company's business strategies"); *Morris v. Tyson Chicken, Inc.*, No. 4:15-CV-00077-JHM, 2020 WL 3442177, at *2 (W.D. Ky. June 23, 2020) (denying motion to unseal documents that contain "confidential business information that could harm [defendant's] competitive standing"). Such information can include an insurance company's underwriting guidelines. *See Kinsale Ins. Co. v. JDBC Holdings, Inc.*, No. 3:20-CV-8, 2021 WL 2773002, at *5–6 (N.D. W. Va. Mar. 31, 2021) (sealing guidelines that disclose "overall strategy and instructions for underwriting risks"); *Am. Gen. Life Ins. Co. v. Nelson*, CASE NO. C19-5095RBL, 2020 WL 3488152, at *2 (W.D. Wash. June 26, 2020) (granting motion to seal insurance company underwriting guidelines).

In short, under *Shane Group*, the Court must determine whether the asserted competitive interests are compelling, whether the interests served by sealing this information outweigh the value of public disclosure, and whether the seal is narrowly

4

tailored to protect those privacy interests. The Court undertakes this analysis separately for each motion.

With respect to the parties' first motion, which requests permission to file under seal the deposition of Natalie Lukaszewicz and the exhibits thereto, the Court concludes that the parties have identified a compelling interest that outweighs the value of public disclosure. The deposition the parties seek to seal includes, among other things, the technical aspects of Defendants' claims decision processes. Moreover, the exhibits include copies of written internal procedures explaining Defendants' internal standards for network adequacy, as well as detailed charts illustrating provider coverage, including how far members in any given county must travel to reach a particular type of care provider. This information is sufficiently specific and detailed that its disclosure could harm Defendants' competitive standing. *Cf. Morris*, 2020 WL 3442177, at *2; *Kinsale*, 2021 WL 2773002, at *5–6.

The Court also determines that Defendants' compelling competitive interest in sealing its sensitive business information outweighs the public's interest in disclosure. *Shane Group* articulates several reasons why the public might have an interest in an open review of a court's docket materials. For example, a public docket ensures the public's right to guard against corruption and the public's right to be on notice about what is and what is not a violation of law. *Shane Grp.*, 825 F.3d at 305. Likewise, the public may have a legitimate interest in knowing the basis for the Court's decision in a given case. *See Brown & Williamson*, 710 F.2d at 1180 ("The

5

public has a strong interest in obtaining the information contained in the court record.").

Here, Defendants' internal policies and procedures regarding network adequacy are less integral to the case than are Defendants' outward representations about that adequacy. Additionally, the parties request to file the deposition and exhibits under seal for purposes of citation in upcoming class certification briefing. Such briefing is not concerned with ultimate liability, but with whether the instant suit is amenable to treatment as a class action. Given the competitive interests outlined above, the Court finds, at least at this stage, that the public's interest in disclosure does not outweigh the parties' interest in sealing.

The final issue the Court must address is *Shane Group*'s narrow-tailoring requirement. The parties request permission to file the Lukaszewicz deposition and associated exhibits under seal in their entirety. Having reviewed these materials, the Court concludes that the references to Defendants' sensitive business information is pervasive throughout, such that it would be impracticable to cull any portions that do not contain such information. As such, the Court **GRANTS** the parties' Joint Motion File Under Seal the Deposition Transcript of Natalie Lukaszewicz (Doc. 34).

Turning to the parties' second motion, which requests permission to file under seal the expert report of Dr. Adam Block, the Court comes to a different conclusion. Having reviewed the report in camera, the Court struggles to identify the portions discussing Defendants' "internal business practices and procedures" or their "fraud prevention techniques." (Mot. to Seal Block Rep., Doc. 35, #479–80). Rather, the

6

report overwhelmingly cites public sources, including state insurance regulators' websites, online newspaper articles, and academic journals. The report does cite the Lukaszewicz deposition on three occasions, but even these citations make only general reference to company policies and practices. Thus, the Court concludes that, with respect to the expert report of Dr. Block, the parties have not identified a sufficiently specific compelling interest to outweigh the public's interest in disclosure. As such, the Court **DENIES WITHOUT PREJUDICE** the parties' Joint Motion to File Under Seal the Expert Report of Adam Block, Ph.D. (Doc. 35).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the parties' Joint Motion to File Under Seal the Deposition Transcript of Natalie Lukaszewicz (Doc. 34). The Court **DENIES WITHOUT PREJUDICE** the parties' Joint Motion to File Under Seal the Expert Report of Adam Block, Ph.D. (Doc. 35). As to the latter, the parties may renew their request for a seal, explaining in more detail, if they can, why Dr. Block's report warrants sealing under the standards set forth above.

SO ORDERED.

August 8, 2022
**DATE**

**DOUGLAS R. COLE
UNITED STATES DISTRICT JUDGE**